IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUSTIN RANDOLPH MITCHELL, )
)
        Plaintiff, )
)
  v. ) 1:18CV574
)
FORSYTH COUNTY, et al., )
)
        Defendants. )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a *pro se* civil rights action filed under 42 U.S.C. § 1983 by Plaintiff Justin Randolph Mitchell, an inmate in the North Carolina Department of Correction. His central allegation in this case is that Defendants failed to provide him with proper physical therapy for pain in his back. Plaintiff names as Defendants 1) Forsyth County, North Carolina, 2) R. Whitaker and Brad Stanley of the Forsyth County Sheriff's Department, 3) Correct Care Solutions, a company contracted to provide medical care to inmates at the Forsyth County Detention Center, and 4) Dr. Alan Rhoades, who provides medical care for inmates at the Detention Center. Following the filing of a Complaint [Doc. #2] and Amended Complaint [Doc. #27] by Plaintiff, all Defendants with the exception of Defendant Rhoades,[1] filed a

---

[1] Defendants' Brief [Doc. #44] states that Defendant Rhoades was never served. However, the docket reflects that a summons was issued for him [Doc. #12] and that it was returned executed [Doc. #14], although it appears the summons may not have constituted proper service under Rule 4(e) of the Federal Rule of Civil Procedures. Rhoades has made no appearance in the case, either individually or through counsel. Nevertheless, the Court need not resolve this issue of service regarding Rhoades. Because Plaintiff is a prisoner and proceeding *in forma pauperis*, the Court may consider whether Plaintiff states a claim for relief against Rhoades under 28 U.S.C. § 1915(e)(2).

Motion [Doc. #43] seeking judgment on the pleadings. Plaintiff then filed Motions [Doc. #49, 51] seeking leave to file a Third Amended Complaint and to correct that proposed Amended Complaint to reflect that he was suing Defendants only in their individual capacities. The case is now before the Court regrading all of these motions.

Facts

The Complaint alleges that, in July of 2016, Plaintiff was taken from the Forsyth County Detention Center to OrthoCarolina for an evaluation of back pain that he was suffering. (Complaint § IV(D), ¶ 1.) The evaluation, including an MRI, revealed a bulging disc at L4-5 in Plaintiff's spine and "Specialist M.D. Timothy McGowen" recommended that Plaintiff be given eight weekly sessions of physical therapy and an extra mattress. (Id. ¶¶ 1-2.) However, Defendant Rhoades allegedly concluded that "it is likely that corporate will agree to a short PT interaction so the inmate can learn various exercises and expect him to perform techniques on site." (Id. ¶ 3.) A week later, on August 12, 2016, Plaintiff returned OrthoCarolina for an initial physical therapy evaluation and then for a follow-up visit on October 31, 2016. (Id. ¶¶ 3-4, 6.) Plaintiff reported that he was "being forced to do physical therapy on a medical floor," and "Therapist Provider Carrie Kibler" allegedly again stated that Plaintiff needed eight weekly visits for physical therapy at the OrthoCarolina facility. (Id. ¶ 6.) Two persons who are not named as Defendants later met with Plaintiff to discuss moving him to the medical unit of the Detention Center so that he could be monitored and establish a routine of performing his physical therapy. (Id. ¶ 9.) On November 7, 2016, Plaintiff was moved to the medical unit. (Id. ¶ 10.) However, he was moved back out on November 9, 2016 when the cell was needed for another inmate. (Id. ¶ 11.)

2

In May of 2017, Plaintiff began filing administrative grievances regarding the fact that he was never sent outside the detention center for the eight weekly physical therapy sessions. (Id. ¶ 13.) The grievance eventually reached Defendant Stanley, who allegedly denied it by siding with medical staff. (Id.) The factual portions of the Complaint do not appear to contain direct allegations against Defendants Forsyth County, Correct Care Solutions, or Whitaker. However, Section II of the Complaint alleges that Forsyth County is responsible for the medical care of inmates at the Detention Center where Plaintiff was housed and that it violated Plaintiff's rights by refusing to pay for Plaintiff's outside physical therapy sessions. It also alleges that Correct Care Solutions similarly violated Plaintiff's rights by failing to approve those outside sessions. Finally, it claims that Defendant Whitaker violated Plaintiff's rights by "giving the plaintiff legal advice/opinions on accepting grievances plaintiff filed on medical conditions."

As for injuries and relief, Plaintiff claims that the lack of physical therapy caused him to suffer pain unnecessarily, to lose sleep, and to face a danger of permanent back damage. (Complaint § V). He seeks damages in the amount of $10,000,000, as well as punitive damages, costs, and attorney fees. (Complaint § VI.) Plaintiff's Amended Complaint essentially restates the factual allegations set out above, but lowers the amount of requested damages to $3,000,000 and seeks punitive damages of $1,000,000. (Amended Complaint § VI.)

## Discussion

Defendants move for dismissal of Plaintiff's case because they assert that Plaintiff fails to state any claim upon which relief can be granted. In a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), the Court considers the Complaint, any

attachments to the Complaint, and the Answers, and applies the standard for considering a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). See Mendenhall v. Hanesbrands, Inc., 856 F. Supp. 2d 717, 724 (M.D.N.C. April 12, 2012). Under Rule 12(b)(6), the Court must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is "facially plausible" when the facts pled allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Plaintiff's Complaint, as amended, seeks to state a claim against Defendants for deliberate indifference to a serious medical need in violation of his federal constitutional rights. Because of his status as a pretrial detainee at the time of the events alleged, Plaintiff's claim of deliberate indifference to his medical needs would be evaluated under the due process clause of the Fourteenth Amendment, rather than under the Eight Amendment standard applicable to convicted prisoners. City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983); see Bell v. Wolfish, 441 U.S. 520, 535 (1979). In practice, however, the standards are the same for both pretrial detainees and convicted persons. See Brown v. Harris, 240 F. 3d 383, 388-89 (4th Cir. 2001) (holding that a pretrial detainee is entitled to the protections of due process,

4

but concluding that the court need not decide whether the prisoner was convicted or a pretrial detainee because the standard is the same). Plaintiff must establish that Defendants acted with "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). More specifically,

> [a] medical need qualifies as serious if it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." [Iko, 525 F.2d at 241] (internal quotation marks omitted). A defendant displays deliberate indifference where he possesses knowledge of the risk of harm to an inmate and knows that "his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." Id. (emphasis and internal quotation marks omitted); see also Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) ("To prove deliberate indifference, plaintiffs must show that 'the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" (brackets in original) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994))).
>
> "[D]eliberate indifference entails something more than mere negligence, ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. "It requires that a [defendant] actually know of and disregard an objectively serious condition, medical need, or risk of harm." De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (internal quotation marks omitted). A plaintiff can satisfy this standard by showing "'that a [defendant] knew of a substantial risk from the very fact that the risk was obvious.'" Scinto, 841 F.3d at 226 (quoting Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015)).
>
> A plaintiff can also establish "a prima face case of deliberate indifference" where "'a substantial risk of [serious harm] was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official ... had been exposed to information concerning the risk and thus must have known about it.'" Id. (brackets and ellipsis in original) (quoting Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004)). In addition, "'[f]ailure to respond to an inmate's known medical needs raises an inference [of] deliberate indifference to those needs.'" Id. (brackets in original) (quoting Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837).

Durand v. Charles, No. 1:16CV86, 2016 WL 7495811, at *4 (M.D.N.C. Dec. 30, 2016) (unpublished), report and rec. adopted, 2017 WL 389108 (M.D.N.C. Jan 26, 2017).

5

The ultimate question in this case is whether or not Defendant Rhoades' decision that Plaintiff could be treated by being trained to perform his own physical therapy exercises in his cell, rather than sent outside the detention center for eight weekly physical therapy sessions, constituted deliberate indifference to Plaintiff's serious medical needs. This question actually controls as to all Defendants because Plaintiff's allegations against the Defendants other than Rhoades are all based on the idea that they, in some manner, caused, ratified, or failed to override Rhoades' decision regarding physical therapy.[2]

Defendants do not contend that Plaintiff's back injury and pain did not constitute a "serious medical need" or argue that Rhoades did not recognize the need for treatment of that condition. Rather, they argue that his treatment of Plaintiff was sufficient so that it cannot be considered "deliberate indifference." As stated above, mere negligence is not enough to constitute deliberate indifference. Additionally, the Eighth Amendment does not guarantee

---

[2] The Court notes that Plaintiff's allegations against Defendants other than Rhoades would fail for other reasons as well. To the extent he seeks to hold Forsyth County or Correct Care liable based on their merely employing Rhoades to provide medical care at the Detention Center or because they supervised him, this claim would fail because there is no employer or supervisory liability under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Instead, Plaintiff would need to point to a policy or custom on the part of these Defendants that led to the deprivation of his rights. He does not clearly allege such a policy or custom. To the extent that he claims a policy or custom led to the decision not to pay for outside physical therapy visits or influenced Rhoades' decision regarding those visits, the inquiry is still subsumed by the question of whether or not the failure to provide the outside sessions amounted to deliberate indifference to Plaintiff's serious medical needs. As for Defendants Whitaker and Stanley, Plaintiff alleges that they handled the administrative grievance process in a way that did not overrule Defendant Rhoades' medical decision regarding Plaintiff's care. However, non-medical personnel can generally rely on the expertise of health care providers in determining the appropriate course of medical treatment. Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995). To any extent that Plaintiff may be attempting to raise a claim based solely on these Defendants' handling of the grievance process, he cannot do so because there is no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). In the end, Plaintiff's claims either rely on deliberate indifference by Rhoades or should be dismissed for the reasons just stated.

6

to a prisoner the medical treatment of their choice, and "'[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.'" Tunstall v. Perry, 1:15CV226, 2018 WL 1320265 at *2 (M.D.N.C. Jan. 5, 2018) (unpublished report and recommendation quoting Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)), report and rec. adopted, 2018 WL 1311532 (M.D.N.C. Mar. 13, 2018), aff'd 735 F. App'x 75 (4th Cir. 2018). Here, Plaintiff does not allege anything more than a disagreement over treatment for his back pain. In fact, it alleges less than that. The medical providers at OrthoCarolina, Defendant Rhoades, and Plaintiff all allegedly agreed that eight sessions of physical therapy were the appropriate treatment for Plaintiff's back condition. The only disagreements were the location of the treatment and whether or not Plaintiff should perform the necessary exercises on his own after receiving instruction from a therapist as opposed to having the therapist available at all sessions. Plaintiff alleges no facts demonstrating that the treatment proscribed by Defendant Rhoades was not appropriate, much less that any exceptional circumstances exist so that Plaintiff's disagreement with Rhoades' course of treatment constitutes deliberate indifference. Because Plaintiff cannot demonstrate deliberate indifference by Rhoades, his claim against Rhoades and all Defendants based on deliberate indifference to his medical needs should be dismissed.

In an apparent attempt to avoid this result, Plaintiff seeks to file a Third Amended Complaint (Motion to Amend [Doc. #49], Ex. 1) and to correct that document. Rule 15(a)(1) of the Federal Rules of Civil Procedure states that "[a] party may amend the party's pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or 21

days after service of a motion under Rule 12(b), (e) or (f)." All other amendments can only be made with the other party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff already filed one amendment to his Complaint. Therefore, he must receive leave of court for his filings further amendments. Such leave should be freely given when justice so requires. Fed. R. Civ. P 15(a)(2).

A review of Plaintiff's proposed Third Amended Complaint shows that it would be futile to allow the proposed amendment. At its heart, that document simply repeats the allegations described above regarding the Defendants named in the case. It does add allegations of negligence on the part of a nurse who performed Plaintiff's intake screening at the Detention Center and give further background concerning the events leading to Plaintiff being sent for an examination of his back. It also adds further details concerning Plaintiff's visits to OrthoCarolina. However, none of these additional allegations change the nature of Plaintiff's claims against the Defendants or remedy their deficiencies. In fact, medical records attached to the Complaint show that Plaintiff was actually given instruction regarding his physical therapy exercises, but that he was, at best, only partially compliant in performing them. (Motion to Amend, Ex. 3.) This fact would only provide a further basis for the dismissal of his case, not allow it to proceed. For this reason, Plaintiff's Motions to file a Third Amended Complaint and to correct that document will be denied as futile.

IT IS THEREFORE ORDERED that Plaintiff's Motions [Doc. #49, #51] seeking to file a further amended complaint and to correct that complaint are denied.

IT IS RECOMMENDED that the Motion for Judgment on the Pleadings [Doc. #43] brought by Defendants Correct Care Solutions, Forsyth County, Brad Stanley, and R. Whitaker be granted, that any claims raised by Plaintiff in this action against Defendant Rhoades be dismissed under 28 U.S.C § 1915(e)(2) based on failure to state a claim upon which relief can be granted, and that this action be dismissed.

This, the 29th day of July, 2019.

/s/ Joi Elizabeth Peake
United States Magistrate Judge